IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case No. 1:25-cv-11155

MICHAEL GRECCO
PRODUCTIONS, INC.,

    Plaintiff,

v.

BLOCK CLUB CHICAGO NFP d/b/a
DNAINFO.COM,

    Defendant.

## COMPLAINT

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") sues defendant Block Club Chicago NFP d/b/a DNAInfo.com ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California with a principal place of business at 3103 17th Street, Santa Monica, CA 90405.

2. Defendant is a not-for-profit corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 333 North Michigan Ave, Suite 1000, Chicago, IL 60601. Defendant's agent for service of process is Jen Sabella, 333 N Michigan Ave, Ste 1001, Chicago, IL 60601.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

## FACTS

### I. Plaintiff's Business

6. Plaintiff is a celebrity photography agency, owned and operated by award-winning photojournalist Michael Grecco, that is hired by top-tier media outlets to take photographs of celebrities. Mr. Grecco has photographed legendary musicians, actors, directors, Olympians, technologists, comedians, athletes, fashion models and automobiles – such as Johnny Cash, Steven Spielberg, Will Smith, Chris Rock, Penelope Cruz, Steve Martin, Olympian Janet Evans, the SnapChat Founders, and Porsche's 911 sports automobile.

7. Mr. Grecco's photographs are widely published in some of the world's most prominent magazines, including but not limited to, Vanity Fair, Rolling Stone, ESPN Magazine, Time, Forbes and Esquire.

8. Using state-of-the-art equipment and signature lighting techniques, Mr. Grecco creates high-end photography licensed by some of the top publishers in this Country. When commissioned for a job, Mr. Grecco spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

9. Plaintiff maintains a commercial website (https://grecco.com/) which describes the

photography services offered by Mr. Grecco, hosts a sample portfolio of photographs taken and cinemagraphs created by Mr. Grecco, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

10. Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs. Plaintiff was formed in 1998 as "Michael Grecco Photography, Inc." At that time, Mr. Grecco transferred the rights with respect to his existing copyrights (pursuant to a written assignment agreement) to Michael Grecco Photography, Inc. In 2012, the company name was formally changed to Michael Grecco Productions, Inc. to accommodate for the expansion into motion productions in addition to photography. Later, in 2014, Plaintiff created "Michael Grecco Photography" as a d/b/a of Plaintiff.

11. Plaintiff licenses its photographs on an exclusive and non-exclusive basis to top-tier media outlets. Plaintiff has licensed individual images of celebrities for thousands of dollars to major top-tier outlets.

## II. The Work at Issue in this Lawsuit

12. Plaintiff created a photograph of American actor and comedian Chris Farley titled "19940824_Farley_Chris_MGP_0001_Sepia" (the "Work"). A copy of the Work is displayed below:



13. The Work was registered by Plaintiff with the Register of Copyrights on September 20, 1999 and was assigned Registration No. VAu 469-004. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

15. Defendant owns and operates an online news platform covering local events and stories within Chicago's various neighborhoods.

16. Defendant advertises/markets its business primarily through its website (https://www.dnainfo.com/chicago/ and https://blockclubchicago.org/), social media (e.g., https://www.facebook.com/blockclubchi, https://x.com/BlockClubCHI, and https://www.instagram.com/blockclubchi), and other forms of advertising.

17. On July 23, 2015 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media as a means of advertising, promoting, and/or marketing its business (at https://www.dnainfo.com/chicago/20150723/old-town/chris-farley-film-celebrates-saturday-

night-live-stars-tragic-life/):



18. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

20. Defendant utilized the Work for commercial use.

21. Upon information and belief, Defendant located a copy of the Work on the internet and rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in September 2023. Following such discovery, Plaintiff notified Defendant in writing of such unauthorized use.

23. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

26. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

27. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

28. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

29. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

30. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2009-2018"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and

is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

31. Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website, webpage, and/or social media notwithstanding multiple communications sent to Defendant (via e-mail) notifying it of the infringement and demanding that the Work be removed from Defendant's website, webpage, and/or social media. See, e.g., Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action - reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit - supported a finding of willfulness under 17 U.S.C. § 504(c)(2)."); Schwabel v. HPT Serv., LLC,

No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Defendant's website, webpage, and/or social media.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the

Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: September 16, 2025

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.