**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | |
| Plaintiff, | Case No. 1:25-cv-11155 |
| v. | |
| BLOCK CLUB CHICAGO NFP d/b/a DNAINFO.COM, | Hon. Franklin U. Valderrama |
| Defendant. | |

**DEFENDANT BLOCK CLUB CHICAGO NFP'S**
**MOTION FOR ATTORNEYS' FEES**

Defendant Block Club Chicago NFP ("Block Club") moves for an award of its reasonable attorneys' fees under 17 U.S.C. § 505 following entry of judgment in its favor on Plaintiff Michael Grecco Productions, Inc.'s ("Grecco") copyright-infringement claim. The Court granted Block Club's judgment on the pleadings and dismissed the action with prejudice after concluding that three of the four fair-use factors favored Block Club, the fourth was neutral, and "the pleadings leave no possible outcome but a finding of fair use." (Dkt. 28 at 19.) Under controlling Seventh Circuit precedent, prevailing copyright defendants are strongly presumed to be entitled to recover their fees, particularly where, as here, the defendant obtained complete relief and no affirmative monetary recovery. Block Club requests an award of $39,958.50 in attorneys' fees, together with additional fees incurred in litigating this Motion as the Court deems appropriate.

## I. Relevant Background

The dispute underlying this action began well before Grecco filed suit. On February 2, 2024, Grecco wrote Block Club alleging copyright infringement arising from the display of Grecco's

photograph of Chris Farley on a DNAinfo webpage (which had been granted to Block Club through a 2018 agreement with DNAinfo). (Ex. 1, Feb. 2, 2024, Email.) Block Club's counsel thereafter advised Block Club regarding Grecco's allegations, analyzed the asserted infringement claim and fair-use defense, and responded to pre-suit correspondence. Counsels' communications continued through 2024, and Block Club sent its final email stating that Grecco had no basis for recovery in September 2024. (Ex. 2, Sept. 27, 2024, Email.)

Approximately one year later on September 16, 2025, Grecco filed this action. (Dkt. 1.) Block Club denied liability and asserted, among other defenses, that the challenged use was authorized by the scope of Grecco's own license and constituted fair use. (Dkt. 14, Answer.)

On February 5, 2026, Block Club moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Grecco's claim failed as a matter of law including under the fair use doctrine. (Dkt. 20, Dkt. 20-1.) Grecco opposed the motion, and Block Club filed a reply emphasizing that Grecco had expressly licensed the photograph for the use at issue. (Dkt. 27.)

On August 18, 2026, the Court granted Block Club's motion. The Court concluded that the challenged article promoted the documentary and fell within the scope of Grecco's license, such that there was no cognizable market harm from Block Club's use. (Dkt. 28 at 14.) The Court further determined that Block Club's nonprofit and educational use weighed in favor of fair use (*Id.* at 16), that the nature-of-the-work factor was neutral (*Id.* at 18), and that Block Club's use of the photograph in its entirety was reasonable in light of the purpose for which it was used. (*Id.* at 19.)

Considering the fair-use factors together, the Court held that three factors favored Block Club, one was neutral, and "the pleadings leave no possible outcome but a finding of fair use." The Court dismissed Grecco's claim with prejudice and entered judgment in Block Club's favor. (*Id.*)

Grecco filed a notice of appeal on September 17, 2026. (Dkt. 31.) Block Club seeks recovery

of the reasonable attorneys' fees it incurred defending this action pursuant to 17 U.S.C. § 505.

This motion is timely. Local Rule 54.3(b) requires a motion for attorneys' fees to be filed and served no later than 91 days after entry of the judgment on which the motion is based, unless the Court orders a different schedule. N.D. Ill. L.R. 54.3(b). On October 28, 2026, after reviewing the parties' Joint Statement under Local Rule 54.3(e), the Court set November 18, 2026, as the deadline for filing the fee motion. (Dkt. 36.) Block Club files this Motion within that deadline. The Parties' Joint Statement (Dkt. 35) is attached as Exhibit 3.

## II. Block Club Is Entitled to Attorneys' Fees under 17 U.S.C. § 505

### A. Prevailing Defendants are Presumptively Entitled to Reasonable Fees.

Section 505 of the Copyright Act authorizes a court, in its discretion, to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Prevailing plaintiffs and prevailing defendants must be treated alike. *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 (1994). In exercising its discretion, a court may consider several nonexclusive factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 534 n.19.

The Supreme Court instructed courts to give "substantial weight" to the objective reasonableness of the losing party's position while considering all circumstances relevant to a fee award. *Kirtsaeng v. John Wiley & Sons, Inc*., 579 U.S. 197, 208-09 (2016). That inquiry advances the purposes of the Copyright Act by encouraging parties with strong positions to litigate while discouraging unreasonable claims and defenses that impose unnecessary costs. *Id.* at 204-05.

This Circuit applies these principles with particular force when the prevailing party is a defendant. "[P]revailing defendants in copyright cases are presumptively entitled (and strongly so)

to recover attorney fees," and the district court's discretion to deny such fees is "very narrow." *Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.*, 77 F.4th 630, 632-33 (7th Cir. 2023). This Circuit reaffirmed that principle in *Arkeyo, LLC v. Saggezza, Inc.,* 183 F.4th 936, 946 (7th Cir. 2026), again recognizing a "strong presumption" that prevailing copyright defendants are entitled to fees. That presumption reflects the fact that a successful copyright defendant ordinarily obtains no damages or other affirmative monetary recovery. As *Live Face* explained, absent a fee award, a prevailing defendant may face pressure to abandon a meritorious defense because the cost of vindicating its rights exceeds the benefit of prevailing. 77 F.4th at 632 (citing *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)).

This Circuit has reversed denials of fees to prevailing copyright defendants. *See Live Face,* 77 F.4th at 632 (collecting *Eagle Servs. Corp. v. H2O Indus Servs., Inc.,* 532 F.3d 620, 625 (7th Cir. 2008); *Mostly Memories, Inc. v. For Your Ease Only*, 526 F.3d 1093, 1099 (7th Cir. 2008); *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 929-30 (7th Cir. 2008); *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824-25 (7th Cir. 2005); *Assessment Technologies*, 361 F.3d at 436-37; and *Budget Cinema, Inc. v. Watertower Assocs*., 81 F.3d 729, 732-33 (7th Cir. 1996)).

**B. Block Club is the Prevailing Party.**

A party prevails for purposes of § 505 when it obtains a "material alteration of the legal relationship of the parties." *Riviera*, 517 F.3d at 928. Block Club satisfies that standard. The Court granted Block Club's judgment on the pleadings, dismissed Grecco's claim with prejudice, entered judgment in Block Club's favor, and terminated the case. (Dkt. 29.) Block Club's prevailing-party status is beyond dispute, and it begins with a strong presumption in favor of a fee award.

**C. The Strength of Block Club's Position and Objective Unreasonableness of Grecco's Claim Favor an Award.**

The strength of Block Club's defense strongly favors an award. See *Assessment Technologies*,

361 F.3d at 436 (strength of the prevailing party's position is among the most important considerations in determining whether to award fees). This is not a case in which Block Club prevailed only after trial, extensive factual development, or resolution of a close factual dispute. The Court disposed of Grecco's claim on the pleadings and concluded that three of the four fair-use factors favored Block Club, while the remaining factor was neutral. The Court held that "the pleadings leave no possible outcome but a finding of fair use." (Dkt. 28 at 19.)

Most significantly, in evaluating market effect, the Court concluded that Block Club's challenged use of promoting the documentary fell within the scope of uses expressly contemplated by Grecco's license of the photograph and caused no cognizable harm to the market for the photograph. (*Id.*) The Court further found that Block Club's nonprofit, educational use favored fair use (*Id.* at 16), the nature-of-the-work factor was neutral (*Id.* at 18), and that use of the entire photograph was reasonable in light of the purpose for which it was used. (*Id.* at 19.)

Those conclusions matter under *Kirtsaeng* which instructs courts to give substantial weight to the objective reasonableness of the losing party's position. 579 U.S. at 208-10. The Seventh Circuit has repeatedly recognized that a plaintiff's claim need not be sanctionable—or even frivolous—for a prevailing defendant to recover fees. *Live Face*, 77 F.4th at 634.

The Seventh Circuit reaffirmed the significance of objective weakness in *Arkeyo*, affirming a § 505 fee award where the prevailing defendant benefited from the Circuit's "strong presumption" in favor of fees and the plaintiff's copyright claims were objectively baseless. 183 F.4th at 946. Here, Grecco pursued an infringement claim for a use that was *expressly contemplated* by his own license. Grecco did not prevail on a single fair use factor. Under these circumstances, the objective-reasonableness factor favors Block Club.

This Court's conclusion concerning Grecco's license mirrors *Craig v. PopMatters Media, Inc.*,

448 F. Supp. 3d 844 (N.D. Ill. 2020). There, the court awarded § 505 fees to a prevailing defendant after considering, among other factors, the defendant's defense that its use of the plaintiff's photograph was licensed. *Id*. at 847. Here, the Court likewise concluded that Block Club's use fell within the scope of uses expressly contemplated by Grecco's license. (Dkt. 28 at 14.)

**D. Early Resolution Does Not Negate a Fee Award.**

The Seventh Circuit has rejected the notion that an early procedural resolution warrants forcing the prevailing party to absorb its costs. *Riviera*, 517 F.3d at 929. The Seventh Circuit has likewise recognized in the fair-use context that copyright claims may properly be resolved before discovery when the dispositive facts are already before the court, ordinarily through a Rule 12(c) motion for judgment on the pleadings. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690-92 (7th Cir. 2012). In doing so, the court emphasized the substantial settlement pressure created by extensive discovery in copyright litigation and the importance of disposing of meritless claims without imposing unnecessary costs. This Circuit has also rejected the proposition that parties involved in minor copyright litigation are less entitled to attorneys' fees than parties involved in protracted litigation. *Budget Cinema, Inc. v. Watertower Assocs*., 81 F.3d 729, 732 (7th Cir. 1996).

**E. Grecco's Procedural Faults Warrant a Fee Award to Block Club.**

Courts may consider motivation in awarding fees. *Fogerty*, 510 U.S. at 534 n.19. The procedural history of this dispute demonstrates Grecco's motivation which was to extract cash from Block Club rather than adjudicate his claim on the merits based on the law and facts.

Grecco first asserted its infringement claim in February 2024. (Ex. 1.) By September 2024, Grecco was aware that Block Club disputed Grecco's claim and would not make any payment to resolve it. (Ex. 2.) Grecco nevertheless waited one year, until September 2025, to file this action and did not serve Block Club for almost three months. (Dkt. 9.) Thereafter, Grecco failed to file

the status report required by the Court's September 17, 2025, Docket Entry (Dkt. 7) after which the Court reminded Grecco that it "must comply with all Court orders and deadlines." (Dkt. 11.) Later, after Block Club filed its Motion for Judgment on the Pleadings and Block Club sought to Stay discovery, the Magistrate Judge admonished Grecco for failing to confer on the proposed Stay which required Block Club to file a motion. (See Ex. 4, Block Club's emails to Grecco; Dkt. 22.) After judgment was entered for Block Club and Grecco appealed, the Seventh Circuit issued a Rule to Show Cause on October 7, 2026, because Grecco failed to timely file its required docketing statement. (Ex. 5.) The Seventh Circuit directed Grecco to file the statement within fourteen days and warned that noncompliance could result in a fine or dismissal. (*Id.*)

This history provides important context. Not only did Grecco have an objectively weak case, Grecco was also dilatory in prosecuting the case, sustaining reproofs from this Court and the Appellate Court. This supports an inference that, for Grecco, this case was never about the merits.

**F. Compensation and Deterrence Strongly Favor an Award.**

Compensation and deterrence considerations likewise favor an award. As the Seventh Circuit explained in *Live Face*, when a copyright defendant prevails, it ordinarily receives no damages; "the only compensation available is to recoup its expenses." 77 F.4th at 635. Block Club obtained complete relief from Grecco's infringement claim, but that victory did not reimburse Block Club for the attorneys' fees it incurred to obtain dismissal. This is why the Seventh Circuit has described the presumption favoring prevailing defendants as "very strong." *Assessment Technologies*, 361 F.3d at 437. Without fee shifting, a defendant facing a copyright claim may rationally settle even a weak claim rather than incur greater expenses to establish that the claim lacks merit. Section 505 mitigates that pressure and encourages defendants to stand on meritorious defenses—an objective the Supreme Court has recognized as serving the purposes of the Copyright Act every bit as much

as encouraging meritorious infringement claims. *Fogerty*, 510 U.S. at 527.

Deterrence also looks both directions. The question is not merely whether a fee award will deter plaintiffs from pursuing copyright claims without sufficient merit; courts must also consider whether denying fees would deter defendants from maintaining meritorious defenses. *Live Face*, 77 F.4th at 635. Requiring Block Club to absorb the costs of establishing that the challenged use was within the scope of Grecco's license and protected by fair use would undermine that purpose.

## III. <u>Grecco's Timing Objections Are Unfounded</u>

Grecco objects to Block Club's fee request on several grounds. Grecco objects that Block Club did not furnish fee information to Grecco within 21 days of judgment and that Grecco did not have 14 days to review billing records that Block Club provided. Block Club acknowledges that it did not furnish fee information to Grecco within 21 days of judgment, but that delay was non-prejudicial and does not warrant denial of a timely fee motion. In *Jones v. Ameriquest Mortgage Co*., the court declined to preclude a fee request where the movant provided information required by Local Rule 54.3(d)(1)-(3) after the 21-day deadline, reasoning that the movant had substantially complied with the Rule and that the delay was non-prejudicial. (No. 05-C-0432, 2008 WL 4686152, at *4-6 (N.D. Ill. May 19, 2008); *see also Anderson ex rel. Painters' Dist. Council No. 30 Health & Welfare Fund v. Dergance*, No. 08-C-2522, 2009 WL 3151172, at *3 (N.D. Ill. Sept. 22, 2009) (directing parties to proceed under L.R. 54.3 rather than denying the fee request).

Here, Block Club provided Grecco with its billing records, hours and rates for which compensation was sought, hours excluded from its request, and the total amount requested on October 15, 2026. (Ex. 6, Oct. 15, 2026, Letter.) Block Club followed up with Grecco on October 20 and again on October 26 (noting that the Parties' Joint Statement was due the following day). (Ex. 7, Emails.) Grecco never responded to Block Club's letter and only provided input to the

parties' Joint Statement after receiving Block Club's draft on October 27. (*Id.*)

On October 28, 2026, the Court reviewed the parties' Joint Statement under Local Rule 54.3(e), declined Grecco's request to stay the fee motion pending appeal, and set a briefing schedule for Block Club's fee motion. (Dkt. 36.)

## IV. Block Club's Requested Attorneys' Fees Are Reasonable

### A. The Lodestar Method Governs the Fee Calculation.

A reasonable fee award is calculated under the lodestar method by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. See *Craig v. PopMatters Media, Inc.*, 448 F. Supp. 3d 844, 847 (N.D. Ill. 2020). Hours that are excessive, redundant, or otherwise unnecessary should be excluded from the calculation. *Id.*

Block Club seeks $39,958.50 in attorneys' fees for 101 hours of attorney and paralegal time reasonably expended in connection with the copyright dispute, this litigation, and preparation of this Motion. As set forth in the declaration of undersigned counsel ("Taylor Dec.") and contemporaneous billing records submitted with this Motion, these fees reflect work reasonably necessary to defend Block Club against Grecco's infringement claim, obtain judgment on the pleadings, and pursue fees authorized by § 505. (Ex. 8, Taylor Dec. ¶¶ 9-10, 15-18.)

### B. The Hourly Rates Charged to Block Club Are Reasonable.

The relevant hourly rate is the market rate for the attorney's services, and the fee applicant bears the burden of establishing that rate. In determining market rate, the Seventh Circuit has recognized that the best evidence of the value of an attorney's services is the rate the client actually agreed to pay. *Bell v. Lantz*, 825 F.3d 849, 854 (7th Cir. 2016); *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004). The rates sought here are the rates Block Club's

counsel, Wagenmaker & Oberly (W&O) billed Block Club for legal services provided in this matter. (Ex. 8 ¶¶ 11-12.) Specifically, Block Club was billed at the following hourly rates during the years in which each timekeeper performed work:

| **Timekeeper** | **2024 Rate** | **2025 Rate** | **2026 Rate** |
|---|---|---|---|
| Clyde Taylor | $400 | $430 | $475 |
| Alyse Alban | — | $370 | $400 |
| Annie Wiese | — | — | $325 / $360 |
| Matthew Brown | $350 | $375 | — |
| Rebecca Alexander | — | $240 | $240 |

The attached Declaration provides the length of practice for each timekeeper. (*Id.* ¶¶ 3-8.)

These rates were not created for the purposes of this Motion; they are the rates reflected in W&O's contemporaneous billing records for the work performed in this matter. (*Id.* ¶ 12.) That evidence is particularly probative. In *Craig*, the court found counsel's hourly rates reasonable based on declarations stating the rates counsel charged and the client agreed to pay. 448 F. Supp. 3d at 848-49. A recent fee decision from this Court found that rates of $605-$800 an hour (significantly higher than W&O's) were "not inconsistent with market rates for copyright litigation in the Chicago area." (Ex. 9; *RMR Home Solutions v. Farris*, No. 23-CV-7228, Dkt. 110 at 10 (N. D. Ill. Sept. 16, 2026)).

**C. The Hours Expended Were Reasonable and Necessary.**

The hours reflected in Block Club's billing records were reasonably incurred in defending against Grecco's copyright claim and obtaining complete relief. Reasonable fees incurred before the filing of a complaint may be compensable where the work was undertaken in response to the same copyright dispute and bore directly on the successful defense. In *Brownmark Films LLC v.*

*Comedy Partners*, the court permitted recovery of pre-suit attorneys' fees under § 505, including time spent in initial client discussions, drafting a response to the copyright holder, reviewing the law and complaint, and evaluating potential litigation strategy. (Ex. 10; No. 10-CV-1013-JPS, Dkt. 47 at 15-16 (E.D. Wis. Nov. 30, 2011)). The same principle applies here. W&O began advising Block Club concerning Grecco's asserted infringement claim on February 25, 2024 (Ex. A to Ex. 8, Billing Records), and Block Club seeks recovery only for pre-suit work that can be attributed to that dispute and concerned the same photograph, infringement allegations, and defenses litigated in this action. Work after Grecco filed its Complaint included, among other things, analyzing Grecco's claim and the underlying licensing materials, preparing Block Club's responsive pleadings and defenses, researching and preparing Block Club's Rule 12(c) motion, responding to Grecco's opposition brief, preparing the reply, addressing related procedural matters, reviewing the Court's decision and judgment, and preparing this Motion. (Ex. 8 ¶¶ 9-10, 15-18.)

The contemporaneous billing records identify the attorney or other professional who performed each task, the time expended, and the nature of the work performed. (Ex. A to Ex. 8, Billing Records.) These records allow the Court to assess both the necessity of the work and the reasonableness of the time devoted to it.

Block Club's request should be evaluated in light of the result obtained. Block Club achieved complete success: Grecco's sole claim was dismissed with prejudice at the pleading stage. The hours necessary to obtain that result were directed at the key issues in the case and avoided the substantially greater expenses that discovery, dispositive motions, and trial would have entailed.

At the same time, Block Club does not seek compensation for time that was excessive, redundant, or otherwise unnecessary. See *Craig*, 448 F. Supp. 3d at 847-48 (excluding unnecessary, vague, and excessive time). Any reductions, write-offs, or other exercises of billing

judgment are described in the accompanying declaration. (Ex. 8 ¶¶ 16-17.)

### D. Block Club Exercised Appropriate Billing Judgment.

W&O exercised billing judgment during the representation and in preparing this Motion. W&O's contemporaneous billing records reflect 4.1 hours of work that W&O designated as no charge to Block Club, and Block Club does not seek recovery for those hours. W&O further excluded 1.3 hours of pre-suit time contained in entries that combined work on the Grecco dispute with other matters, 2.8 hours devoted solely to the pending appeal, and 1.6 hours reflected in post-judgment entries that combined appellate and fee Motion work that could not be reliably allocated between those tasks. These exclusions total 5.7 charged hours and $2,193.00 in fees. (*Id.* ¶ 16.) After reductions described above and inclusion of additional reasonable fees incurred in connection with the Local Rule 54.3 process and preparation of this Motion through November 18, 2026, Block Club seeks compensation for 101 hours of attorney and paralegal time, resulting in $39,958.50 in attorneys' fees.

| **Fees Included in Request** | **Hours Billed** | **Fees** |
|---|---|---|
| Pre-Suit Copyright Dispute | 4.8 | $1,785.00 |
| District Court Litigation From Service Through Judgment | 66.4 | $27,487.00 |
| Fee Motion | 29.8 | $10,686.50 |
| **Total** | **101** | **$39,958.50** |

### E. Block Club May Recover Reasonable Fees Incurred in Preparing and Litigating Its Fee Request.

Section 505 permits recovery of reasonable fees incurred in establishing the right to and amount of a fee award. In *Bell v. Lantz*, the Seventh Circuit held that § 505 permits recovery of fees incurred litigating a fee Motion. 825 F.3d at 855. Block Club therefore seeks the reasonable

fees incurred preparing and pursuing this Motion and supporting materials through November 18, 2026, and reserves the right to supplement its request for additional reasonable fees incurred after that date in responding to Grecco's opposition or litigating the fee issue. (Ex. 8 ¶ 19.)

## V. Conclusion

For the foregoing reasons, Block Club respectfully requests that the Court grant its Motion for Attorneys' Fees and award Block Club $39,958.50 in reasonable attorneys' fees pursuant to 17 U.S.C. § 505, together with the reasonable additional fees incurred in litigating this fee request and such other relief as the Court deems just and appropriate.

Dated: November 18, 2026

By: Clyde A. Taylor
Clyde Taylor

Clyde Taylor, ARDC #6333452
WAGENMAKER & OBERLY LLC
Attorneys for Defendant BLOCK CLUB
CHICAGO NFP d/b/a DNAINFO.COM
53 W. Jackson Blvd, Suite 1734
Chicago, IL 60604
312-626-1600
clyde@wagenmakerlaw.com